73 F.3d 373
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Pavel GOBERMAN, Plaintiff-Appellant,
v.
Senator Orrin HATCH, Defendant-Appellee.
 No. 95-4139.
 United States Court of Appeals, Tenth Circuit.
 Dec. 14, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court dismissing appellant's pro se complaint as frivolous under 28 U.S.C.1915(d). Appellant appeals on the grounds that the district court erred in finding that the complaint filed in the district court did not name a defendant and in finding that Senator Hatch, the Internal Revenue Service, and various other federal actors did not deprive him of his constitutional rights under color of state law. Appellant's allegations all are apparently related to allegations that his civil rights were violated when the Internal Revenue Service withheld a 1994 income tax refund and various other creditors or collecting agencies allegedly harassed appellant. Even construing pro se appellant's pleadings and notice of appeal liberally, as we must, we find no grounds for appellant's allegations of violations of constitutional rights by any named defendant. Even if Senator Hatch was named in the original complaint, none of the allegations contained in the complaint or relied upon in the brief on appeal can be construed to allege a violation of appellant's constitutional rights. We therefore agree with the district court that the case is frivolous and should be dismissed under 28 U.S.C.1915(d). To the extent that appellant seeks appointment of counsel, the motion is denied. We DENY the certificate of probable cause and DENY in forma pauperis status.
 
 
 3
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470